## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD E. MUTH,                         :
                                        :
                    Plaintiff           :
                                        :     Civil Action No. 1:14-cv-01798-YK
            v.                          :
                                        :         CIVL ACTION - LAW
DENNIS A. WOODRING;                     :
JEFFREY M. SHRIVER; CITY OF             :        JURY TRIAL DEMANDED
HARRISBURG, PA; DAUPHIN                 :
COUNTY, PA; and STATE FARM              :
FIRE AND CASUALTY                       :
COMPANY,                                :
                                        :
                    Defendants          :
_____

### ANSWER WITH AFFIRMATIVE DEFENSES OF DENNIS A. WOODRING AND DAUPHIN COUNTY, PA TO PLAINTIFF'S AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.      Admitted in part and denied in part.  It is admitted only that Plaintiff's

Complaint purports to assert a claim pursuant to the statute identified therein.  All

remaining allegations are denied and strict proof thereof is demanded at the time of

trial.

2.      Admitted in part and denied in part.  It is admitted only that Plaintiff's

Complaint purports to infer jurisdiction pursuant to the statute identified therein.

All remaining allegations are denied and strict proof thereof is demanded at the

time of trial.

3.      Admitted.

## PARTIES

4.      Admitted in part and denied in part.  It is admitted only that Plaintiff

is who he says he is.  All remaining allegations are denied and strict proof thereof

is demanded at the time of trial.

5.      Admitted in part and denied in part.  It is admitted Detective

Woodring was employed by Dauphin County in the criminal investigation unit as a

Detective.  With regard to the balance of the averments set forth in this paragraph,

said averments constitute a conclusion of law to which no responsive pleading is

required.  To the extent a response is deemed required, said averments are

specifically denied and strict proof thereof is demanded at the time of trial.

6.      The averments set forth in this paragraph are directed to a Defendant

other than Answering Defendants and as such, no responsive pleading is required.

7.      The averments set forth in this paragraph are directed to a Defendant

other than Answering Defendants and as such, no responsive pleading is required.

8.      Admitted.

9.      The averments set forth in this paragraph are directed to a Defendant

other than Answering Defendants and as such, no responsive pleading is required.

## MATERIAL FACTS

10.     Admitted.

11.     Admitted in part and denied in part.  Plaintiff's Complaint appears to

be selectively quoting from an unidentified document or person.  Said document or

person speak for themselves and as such, any information set forth in paragraph 11

that is inconsistent with the same is specifically denied  and strict proof thereof is

demanded at the time of trial.

12.     Admitted in part and denied in part.  It is admitted that Detective

Woodring conducted an independent investigation into the cause and origin of the

fire.  The balance of the averments are directed to a Defendant other than

Answering Defendants and as such, no responsive pleading is required.  To the

extent a response is deemed required, said averments are specifically denied and

strict proof thereof is demanded at the time of trial.

13.  (a)-(p).  Admitted in part and denied in part.  Plaintiff's Complaint

appears to be selectively quoting from Detective Woodring's June 10, 2009

Supplemental Incident Report  and testimony which is a written document that

speaks for themselves and as such, any averments set forth in this paragraph

inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

14.-28.  The averments set forth in these paragraphs are directed to a Defendant other than Answering Defendants and as such, no responsive pleading is required.

29.    Denied.  The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, as to Answering Defendants, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

30.-33.    The averments set forth in these paragraphs are directed to a Defendant other than Answering Defendants and as such, no responsive pleading is required.

34.-35.  Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, as to Answering Defendants, the Pennsylvania Arson Reporting Immunity Act is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

36.    The averments set forth in this paragraph are directed to a Defendant other than Answering Defendants and as such, no responsive pleading is required.

37.    Denied.  The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, as to Answering Defendants, said averments appear to be directed to a Defendant other than Answering Defendant and as such no responsive pleading is required.  To an extent a response is deemed required, Plaintiff is referring to a written document that speaks for itself and as such any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

38.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, as to Answering Defendants, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

39.    The averments et forth in this paragraph are directed to a Defendant other than Answering Defendants and a such, no responsive pleading is required.

40.    Admitted in part and denied in part.  Criminal charges filed against Plaintiff are a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with same are specifically denied and strict proof thereof is demanded at time of trial.

41.    Admitted in part and denied in part.  The Affidavit of Probable cause is a written document that speaks for itself and as such, any averments set forth in

this paragraph inconsistent with same are specifically denied and strict proof thereof is demanded at time of trial.

42.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

43.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

44 (a)-(c).    Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

45 (a)-(y).    Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

46.     Denied.  After reasonable investigation and inquiry, Answering Defendants are without sufficient information to form a belief as to the truth or

veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

47.     Denied.  After reasonable investigation and inquiry, Answering Defendants are without sufficient information to form a belief as to the truth or veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

48.     Denied.  After reasonable investigation and inquiry, Answering Defendants are without sufficient information to form a belief as to the truth or veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

49.     The averments set forth in this paragraph are directed to a Defendant other than Answering Defendants and as such, no responsive pleading is required.

50.-51.  The averments set forth in these paragraphs are directed to a Defendant other than Answering Defendants and as such, no responsive pleading is required.  By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

52.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments, as directed to Answering Defendants, are specifically denied and strict proof thereof is demanded at the time of trial.

53.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments, as directed to Answering Defendants, are specifically denied and strict proof thereof is demanded at the time of trial.

54.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments, as directed to Answering Defendants, are specifically denied and strict proof thereof is demanded at the time of trial.

55.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments, as directed to Answering Defendants, are specifically denied and strict proof thereof is demanded at the time of trial.

56.     Admitted.

57.     The averments set forth in this paragraph are directed to a Defendant other than Answering Defendants and as such, no responsive pleading is required.

58.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments, as directed to Answering Defendants, are specifically denied and strict proof thereof is demanded at the time of trial.

59.     Admitted in part and denied in part.  It is admitted only that if convicted Plaintiff faced incarceration and fines.  All remaining allegations are denied and strict proof thereof is demanded at the time of trial.

60.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, after reasonable investigation and inquiry, Answering Defendants are without sufficient information to form a belief as to the truth or veracity of the averments set forth in this paragraph and as such, said averments are denied  and strict proof thereof is demanded at the time of trial.

61.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, after reasonable investigation and inquiry, Answering Defendants are without sufficient information to form a belief as to the truth or veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

62.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, after reasonable investigation and inquiry, Answering Defendants are without sufficient information to form a belief as to the truth or

veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

63.    Denied.  The averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

64.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.   By way of further response, with the regard to the balance of these averments, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

65.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.   By way of further response, with the regard to the balance of these

averments, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

66.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.   By way of further response, with the regard to the balance of these averments, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

67.     Admitted in part and denied in part.  It is admitted only that the Commonwealth filed an application for *Nolle Prosequi* on our about October 15, 2012.  With regard to the balance of the averments set forth in this paragraph, said averments reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

68.     Admitted in part and denied in part.  It is admitted October 26, 2012, the court granted the application for *Nolle Prosequi*.  All remaining allegations are specifically denied and strict proof thereof is demanded at the time of trial.

## COUNT I

**Plaintiff v. Individual Defendants**
**Fourth and Fourteenth Amendments – Malicious Prosecution**
**Pursuant to 42 U.S.C. § 1983**

69.     Paragraphs 1 through 68 are incorporated herein by reference as if fully set forth at length herein.

70.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

### a.  The Individual Defendants Initiated a Criminal Proceeding

71.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

72.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

73.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a

response is deemed required, said averments are specifically denied and strict

proof thereof is demanded at the time of trial.

74.     Denied. The averments set forth in this paragraph constitute a

conclusion of law to which no responsive pleading is required.  To the extent a

response is deemed required, said averments are specifically denied and strict

proof thereof is demanded at the time of trial.

### b. The Criminal Proceeding Terminated in Muth's favor

75.     Admitted in part and denied in part.  It is admitted only that Plaintiff

obtained a criminal defense attorney.  With regard to the balance of the averments

set forth in this paragraph, said averments constitute conclusions of law to which

on responsive pleading is required.  To the extent a response is deemed required,

said averments are specifically denied and strict proof thereof is demanded at the

time of trial.

76.     Admitted in part and denied in part.  It is admitted only that the

Commonwealth filed an application for *Nolle Prosequi*.  With regard to the balance

of the averments set forth in this paragraph, said averments constitute conclusions

of law to which on responsive pleading is required.  To the extent a response is

deemed required, said averments are specifically denied and strict proof thereof is

demanded at the time of trial.

77.     Admitted in part and denied in part.  It is admitted only that on or about October 26, 2012, the Court granted the Commonwealth's Application for Non Pros and *Nolle Prosequi*.  With regard to the balance of the averments set forth in this paragraph, said averments constitute conclusions of law to which on responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

### c. The Proceeding was Initiated Without Probable Cause

78.-83.  Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

84.-86.      Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments as directed to Answering Defendants are specifically denied and strict proof thereof is demanded at the time of trial.

87.-89.      Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.

90.     Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a

14

response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

### d. **The Individual Defendants acted Maliciously or for a Purpose Other than Bringing Plaintiff to Justice**

91.-96.      Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments as directed to Answering Defendant Detective Woodring are specifically denied and strict proof thereof is demanded at the time of trial.

97.    Denied.  The averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

98.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.   By way of further response, with the regard to the balance of these averments, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

99.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the averments set forth in this paragraph reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.   By way of further response, with the regard to the balance of these averments, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

100.    Denied.  The averments set forth in this paragraph as directed to Answering Defendant Detective Woodring are specifically denied and strict proof thereof is demanded at the time of trial.

101.    Denied.  The averments set forth in this paragraph as directed to Answering Defendant Detective Woodring are specifically denied and strict proof thereof is demanded at the time of trial.

### e. **Muth Suffered a Deprivation of Liberty as a Consequence of the Legal Proceeding**

102.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.

103.    The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required.

104.-106.    Denied.  After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth or veracity of the averments set forth in these paragraphs and as such, said averments are denied.

107.    Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, with regard to the allegation that Plaintiff suffered a requisite deprivation of liberty, said averment is specifically denied and strict proof thereof is demanded at the time of trial.  With regard to the balance of the factual averment, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth or veracity of the averments set forth in this paragraph and as such, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

108.-109.    Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

## COUNT II

### Plaintiff v. Individual Defendants and State Farm
### Conspiracy to Violate Fourth and Fourteenth Amendments
### (Malicious Prosecution)
### Pursuant to 42 U.S.C. § 1983

110.   Paragraphs 1 through 109 are incorporated herein by reference as if fully set forth at length herein.

111.-114.    Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.

115.   Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, it is specifically denied that Answering Defendants participated in any civil conspiracy against Plaintiff and strict proof thereof is demanded at the time of trial.

116.   Denied.  The averments set forth in this paragraph constitute a conclusion of law to which to responsive pleading is required.  To the extend a response is deemed required, the averments set forth in this paragraph refer to a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

117. Denied.  The averments set forth in this paragraph constitute a conclusion of law to which to responsive pleading is required.  To the extend a

response is deemed required, the averments set forth in this paragraph refer to a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

118.-121.    The averments set forth in these paragraphs are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required.

122.-128.    Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, it is specifically denied that Answering Defendants participated in any civil conspiracy as against Plaintiff and strict proof thereof is demanded at the time of trial.  With regard to the balance of the averments set forth in this paragraph, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

## COUNT III

**Plaintiff v. Defendant Municipalities**
**Fourth and Fourteenth Amendments – Malicious Prosecution**
**Pursuant to 42 U.S.C. § 1983**

129.   Paragraphs 1 through 128 are incorporated herein by reference as if fully set forth at length herein.

130.   Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, it is admitted that fires occurred in the City of Harrisburg, which is located in Dauphin County Pennsylvania, and that from time to time fires must be investigated for possible criminal conduct.

131.   Denied. The averments set forth in this paragraph constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, it is admitted that fires occurred in the City of Harrisburg, which is located in Dauphin County Pennsylvania, and that from time to time fires must be investigated for possible criminal conduct.  By way of further response, it is admitted that the County employed persons to investigate criminal conduct associated with fires that occurred within the county.

132.-137.   Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the averments set forth in these paragraphs reference a written document that speaks for itself and as such, any averments inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.   By way of further response, with the regard to the balance of these averments, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

138.-142     Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, NFPA 1033 is a written document that speaks for itself and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

143.-144.     Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, NFPA 921 is a written document that speaks for itself and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

145.148.     Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments as directed to Answering Defendants are specifically denied and strict proof thereof is demanded at the time of trial.

149 (a)-(c).   Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments as directed to Answering Defendants are specifically denied and strict proof thereof is demanded at the time of trial.

150.-163.     Denied. The averments set forth in these paragraphs constitute a conclusion of law to which no responsive pleading is required.  To the extent a

response is deemed required, said averments as directed to Answering Defendants are specifically denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Defendants Dennis A. Woodring and Dauphin County respectfully requests judgment in their favor and against Plaintiff together with such relief as this Court deems just and appropriate.

## DEFENDANTS' DENNIS A WOODRING AND DAUPHIN COUNTY AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' First Amended Complaint fails to set forth a claim in whole or in part upon which relief may be granted as a matter of law.

### Second Affirmative Defense

Any injury or damage sustained by Plaintiff was the direct and proximate result of Plaintiffs' own conduct.

### Third Affirmative Defense

Neither an act nor failure to act on the part of Answering Defendants violated any of Plaintiff's Constitutional rights.

### Fourth Affirmative Defense

At all times material hereto, Plaintiff was afforded all the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and Commonwealth of Pennsylvania.

## Fifth Affirmative Defense

At no time material hereto did Answering Defendants act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous and/or malicious manner.

## Sixth Affirmative Defense

Plaintiff's claims as to Answering Defendants, for punitive damages, are limited and/or barred by the Pennsylvania State Constitution, by the United States Constitution and by the laws of the United States and Commonwealth of Pennsylvania.

## Seventh Affirmative Defense

Answering Defendants assert that at all times material to Plaintiff's Complaint, Answering Defendants never violated clearly established law and at all times concerned with this matter acted in a manner which is proper, reasonable and lawful and under the exercise of good faith and as such is entitled to not only qualified immunity, but a right not to go to trial as articulated in <u>Mitchell v. Forsythe</u>, 105 S. Ct. 5806 (U.S. 1985).  Answering Defendants assert all official immunity, statutory immunity, common law immunity to all claims asserted under either Federal or State law.

## Eighth Affirmative Defense

Answering Defendants assert that even if it is determined that Answering Defendants acted negligently and violated clearly established law, Answering Defendants remain immune from imposition of damages pursuant to <u>Daniels v. Williams</u>, 106 S. Ct. 662 (U.S. 1986).  By way of further response, Answering Defendants deny any and all liability.

## Ninth Affirmative Defense

Answering Defendants reasonably relied upon the advice of the Dauphin County District Attorney's Office and, as such, is entitled to immunity from all claims asserted by Plaintiff.

## Tenth Affirmative Defense

Answering Defendants reasonably relied upon the advice of counsel and, as such, is entitled to immunity from all claims asserted by Plaintiff.

## Eleventh Affirmative Defense

At no time did Answering Defendants' actions rise to the level of gross negligence or arbitrariness that shocks the conscience.  <u>Miller v. City of Philadelphia</u>, 174 F.3d 368 (3d Cir. 1999).

## Twelfth Affirmative Defense

At no time were Plaintiff's United States Constitution Fourth Amendment rights violated.

### Thirteenth Affirmative Defense

At no time were Plaintiff's United States Constitution Fourteenth Amendment due process rights violated.

### Fourteenth Affirmative Defense

To the extent that Plaintiff's claims are barred pursuant to a judicial determination, Answering Defendant claims the same.

### Fifteenth Affirmative Defense

Answering Defendants assert all defenses and limitations on damages pursuant to the Political Subdivision Torts Claims Act, 42 P.S. §8541, et seq.

### Sixteenth Affirmative Defense

Answering Defendants did not initiate a criminal proceeding against Plaintiff.

### Seventeenth Affirmative Defense

At no time did Answering Defendants act maliciously or for purpose other than brining Plaintiff to justice.

### Eighteenth Affirmative Defense

At no time did Answering Defendants conspire to deprive Plaintiff of a constitutional right.

### Nineteenth Affirmative Defense

Plaintiff failed to assert a claim against Dauphin County pursuant to <u>Monell</u> <u>v. Dept. of Social Services</u>, 436 U.S. 658, (1978).

### Twentieth Affirmative Defense

At all applicable times related to the claims set forth in Plaintiff's Complaint, Answering Defendants acted with probable cause and for the purpose of bringing Plaintiff to justice.  At no time was Plaintiff's Fourteenth Amendment rights violated.

WHEREFORE, Defendants Dennis A. Woodring and Dauphin County respectfully requests judgment in their favor and against Plaintiff together with such relief as this Court deems just and appropriate.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN

BY: _/s/Donald L. Carmelite, Esquire_
      Donald L. Carmelite, Esquire
      Attorney I.D. No. 84730
      100 Corporate Center Drive, Suite 201
      Camp Hill, PA  17011
      (717) 651-3504
      dlcarmelite@mdwcg.com

Date:  January 20, 2015

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the

foregoing document has been served upon the following known counsel and parties

of record this 20th day of January, 2015 via electronic filing:

Devon M. Jacob, Esquire
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA  17055-0837
*Attorney for Plaintiff*

Frank J. Lavery, Jr., Esquire
Joshua M. Autry, Esquire
Lavery Faherty
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA  17108-1245
*Attorney for Cit of Harrisburg and Jeffrey M. Schriver*

Gary A. Drakas, Esquire
Forry Ullman
One Bethlehem Plaza
Broad & New Streets, Suite 400
Bethlehem, PA  18018
*Attorney for State Farm and Casualty Company*

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN


BY:   */s/ Donald C. Carmelite*
Donald C. Carmelite, Esquire

05/1312473.v1

27