IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. MUTH, | : | |
|     Plaintiff | : | |
| | : | No. 1:14-cv-01798 |
| v. | : | |
| | : | (Judge Kane) |
| DENNIS A. WOODRING, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court in the above-captioned case are (1) the judgment of the United States Court of Appeals for the Third Circuit vacating this Court's November 30, 2015 Order to the extent that Order denied Defendant Jeffrey M. Shriver's ("Shriver") motion to dismiss count 1 of Plaintiff's amended complaint, and remanding the case for further consideration of the issues raised by Defendant Shriver's motion to dismiss count 1 (Doc. Nos. 53, 54, and 54-1), and (2) Defendants Dennis A. Woodring ("Woodring") and Dauphin County's (the "Dauphin County Defendants") Motion for Judgment on the Pleadings (Doc. No. 55). For the reasons set forth below, the Court will grant Defendant Shriver's motion to dismiss as to count 1 of Plaintiff's amended complaint, and grant the Dauphin County Defendants' Motion for Judgment on the Pleadings.

## I. BACKGROUND[1]

Plaintiff Ronald E. Muth's amended complaint concerns criminal charges that were allegedly improperly filed against him and were ultimately dropped stemming from a fire that

---

[1] As the parties are intimately familiar with the alleged facts of this case, and because the Court set forth a detailed description of the alleged facts in its November 30, 2015 Memorandum (Doc. No. 47), the Court limits its background recitation to the procedural history of the case.

1

occurred on June 10, 2009 at a property owned by Plaintiff located at 2007 Manada Street, Harrisburg, Dauphin County. (Doc. No. 23 ¶¶ 10, 38-68.) Plaintiff's January 5, 2015 amended complaint contains three counts for relief against five defendants: count 1 asserts a 42 U.S.C. § 1983 malicious prosecution claim against Defendants Woodring, a detective with the Dauphin County Fire, Explosion, and Terrorism Unit, and Shriver, a detective with the Harrisburg Bureau of Police;  count 2 asserts a conspiracy claim against Defendants Woodring and Shriver and Defendant State Farm Fire & Casualty Co. ("State Farm");  and count 3 asserts a Monell liability claim against Defendants City of Harrisburg ("Harrisburg"), and Dauphin County. (Doc. No. 23.)  Defendants Woodring and Dauphin County answered the amended complaint. (Doc. No. 25.) Defendants State Farm, Harrisburg, and Shriver filed motions to dismiss the amended complaint. (Doc. Nos. 26, 27.)  The Court's November 30, 2015 Memorandum and Order addressed those two motions to dismiss and granted the requests to dismiss counts 2 and 3 against Defendants Shriver, State Farm, and Harrisburg, while denying Defendant Shriver's request to dismiss count 1. (Doc. Nos. 47, 48.)  In its November 30, 2015 Order, the Court granted Plaintiff leave to file an amended complaint within twenty-one days of the date of its Order to address the pleading deficiencies identified in its Memorandum. (Doc. No. 48.) Plaintiff did not file an amended complaint.

On December 29, 2015, Defendant Shriver filed a Notice of Appeal of the Court's November 30, 2015 Memorandum and Order to the Third Circuit. (Doc. No. 50.)  Specifically, Defendant Shriver challenged this Court's denial of his request for dismissal of count 1's malicious prosecution claim against him on the basis that the Court's conclusion that it could not determine at the motion to dismiss stage of the proceedings whether or not the defense of

qualified immunity was available to Defendant Shriver was erroneous.  On November 15, 2016, the Third Circuit issued its Judgment vacating the Court's November 30, 2015 Order with regard to the Court's disposition of Defendant Shriver's motion to dismiss count 1.  (Doc. No. 53.)  The Third Circuit's Mandate followed on December 7, 2016. (Doc. No. 54.)

On December 30, 2016, the Dauphin County Defendants filed their Motion for Judgment on the Pleadings (Doc. No. 55), with a supporting brief (Doc. No. 56). Plaintiff filed his Brief in Opposition to the Motion on January 12, 2017 (Doc. No. 58), and the Dauphin County Defendants filed their Reply Brief on January 24, 2017 (Doc. No. 59).  Accordingly, the Dauphin County Defendants' Motion for Judgment on the Pleadings is ripe for disposition.

## II.     LEGAL STANDARD

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).  When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible.  Id.  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged

misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III. DISCUSSION

### A. Defendant Shriver's motion to dismiss count 1

The Court first addresses the Third Circuit's Opinion and directive regarding Defendant Shriver's motion to dismiss count 1 and his potential entitlement to qualified immunity. In its Opinion, the Third Circuit discussed the two-pronged inquiry a court must engage in when evaluating the defense of qualified immunity to a constitutional claim. The Third Circuit described the inquiry as follows:

> The first prong probes whether the allegations, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]' Saucier v. Katz, 533 U.S. 194, 201 (2001). The second prong asks 'whether the law was clearly established at the time of the violation.' Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d. Cir. 2010). The focus is on whether the law, at the time of the challenged incident, is sufficiently clear to 'provide[] fair warning to the defendants that their alleged conduct was unconstitutional.' Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (internal quotation marks and citation omitted). It is

the defendant official's burden to establish that he is entitled to qualified immunity. Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

(Doc. No. 54-1 at 4.) The Court further stated as follows:

> We have recognized that courts are free to examine the two prongs of the qualified immunity analysis in either order. Kelly, 622 F.3d at 253-54. For efficiency, a court may elect to consider the 'clearly established' prong first because, if that prong is not satisfied, then qualified immunity applies. Pearson v. Callahan, 555 U.S. 223, 242 (2009). In that circumstance, no conclusion is made about the constitutionality of the officer's conduct. Id. at 241 (noting that resolving a case solely on the basis of the clearly established prong is consistent with the principle of constitutional avoidance).

(Id.)

The Third Circuit clarified that if a court first elects to consider the first prong of the qualified immunity analysis, that is, whether a plaintiff has shown that the conduct at issue violated a constitutional right, then that court must address both prongs of the qualified immunity analysis. (Id. at 4-5.) In reversing the Court's denial of Defendant Shriver's motion to dismiss count 1, the Third Circuit directed that this Court address the second prong of the qualified immunity analysis as it pertains to Plaintiff's Section 1983 malicious prosecution claim against Defendant Shriver.[2] Specifically, the Third Circuit directed the Court to consider

---

[2] In its earlier Memorandum disposing of Defendant Shriver's motion to dismiss, the Court found that while the allegations of Plaintiff's amended complaint sufficed to state a claim for malicious prosecution pursuant to Section 1983, only upon a definitive determination that Defendant Shriver violated Plaintiff's constitutional rights (as required by the first prong) would the Court move on to an analysis of the second prong of the qualified immunity analysis. (Doc. No. 47 at 23.) The Court found that, accepting all of Plaintiff's allegations as true, it could not find that no reasonable jury could find a lack of probable cause supporting Plaintiff's arrest, as required to make out a malicious prosecution claim. (Id. at 19-21.) Accordingly, the Court found that the sufficiency of the probable cause determination (that is, whether or not Defendant Shriver violated Plaintiff's constitutional rights), was a factual determination properly left to the jury. (Id. at 21.) Therefore, in the absence of a definitive resolution of prong 1 of the qualified immunity analysis, the Court declined to consider prong 2. (Id. at 23.)

5

"whether, 'in light of the specific context of the case,'. . . Shriver would have been on notice that his actions were unlawful." (Doc. No. 54-1 at 5 (citation omitted).)

Accordingly, the Court now turns to an examination of the second prong of the qualified immunity analysis, which is whether the law applicable to Defendant Shriver's probable cause determination was "clearly established" at the time of the alleged violation. As noted by the Third Circuit, when conducting such an evaluation the focus is "on whether the law, at the time of the challenged incident, is sufficiently clear to 'provide[ ] fair warning to the defendants that their alleged conduct was unconstitutional.'" (Id. at 4 (quotation omitted).) Another way of stating the inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004) (quotation omitted). "If it would not have been clear to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity." Id. That means that "there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." Mammaro v. N.J. Div, of Child Prot. & Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (quoting McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001)).

The United States Supreme Court's decision earlier this year in White v. Pauly, 137 S. Ct. 548 (2017), clarifies the Court's inquiry in this regard. In that case, the Supreme Court reaffirmed that its case law "'do[es] not require a case directly on point'" for a right to be clearly established, but "'existing precedent must have placed the statutory or constitutional question beyond debate.'" Id. at 551 (quoting Mullenix v. Luna, 136 S. Ct. at 308 (2015) (per curiam)). The Supreme Court reiterated that the clearly established law "must be 'particularized' to the

6

facts of the case," and cautioned that the fact that a case presents a unique set of facts and circumstances is an "important indication" that a defendant's conduct at issue did not violate a "clearly established" right. Id. at 552.

Applying the dictates of White to the instant case, the Court concludes that, without determining whether Defendant Shriver's actions violated Muth's constitutional right not to be arrested absent probable cause, the law applicable to that probable cause determination in the particular circumstances of this case was not so "clearly established" such that it "would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." Kopec, 361 F.3d at 776. This is so for two reasons.

First, and most significantly, no party has pointed the Court to any Supreme Court or Third Circuit precedent similar to the facts of this case indicating a lack of probable cause to arrest under similar circumstances. Under White, the fact that a case presents a unique set of facts and circumstances is a significant indication that the conduct at issue "did not violate a 'clearly established' right." White, 137 S.Ct. at 552.

Second, to the extent the parties have identified relevant cases from other Circuit courts, that precedent supports a finding that the law applicable to the probable cause determination, in the context of these particular circumstances, was not so clearly established that it would have been clear to any reasonable officer in Defendant Shriver's position that his conduct was unlawful. For example, Defendant Shriver points to Reed v. City of Chino, 224 F. App'x 625 (9th Cir. 2007), an unpublished decision from the United States Court of Appeals for the Ninth

7

Circuit.³ The Ninth Circuit affirmed the district court's grant of summary judgment in favor of a defendant police officer on a false arrest claim, holding that the officer had probable cause to arrest the defendant in circumstances where the officer reasonably relied on a fire marshal's conclusion that the fire at issue was the result of arson and arrested the defendant because of eyewitness evidence placing him at the scene at the time of the fire, and where there existed evidence of the defendant's deceptiveness and skill to commit arson and his possible motive for the crime. Id. While the Court recognizes the limited precedential authority of Reed, the Court notes that similarly, here, Defendant Shriver, based on the fire investigation methods that were standard in the industry at the time,⁴ and in consultation with Defendant Woodring and Chief Daniel Soulier of the Fire Bureau, concluded that the fire at the Manada Street home owned by Muth was deliberately set. (Doc. No. 47 at 8.) Thereafter, he arrested Muth for the crime, relying on the additional facts that Muth: was admittedly present at the scene of the fire around the time it started; matched the description of someone who entered the building shortly before the fire, as reported by an eyewitness; and had a possible motive to commit arson. (Id.)

In sum, at the time of the probable cause determination made by Defendant Shriver, there existed no precedent putting him on notice that such a determination, in the specific context of this case, was unlawful; in fact, the limited relevant case law in existence lent support to his

---

³ In its opinion, the Ninth Circuit stated that "[t]his disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3." Id.

⁴ Muth points out that the methodology utilized by Defendants Shriver and Woodring in investigating the fire and concluding that it was deliberately set, the National Fire Protection Association's ("NFPA") "negative corpus" methodology, is no longer the industry standard. That fact is beside the point. Qualified immunity's "clearly established" inquiry focuses on the state of the law "at the time of the challenged incident." (Doc. No. 54-1 at 4.)

conclusion that probable cause existed to arrest Muth.  Therefore, the Court cannot conclude that the right at issue, under the circumstances of this case, was so clearly established "to put defendant on notice that his . . . conduct [was] constitutionally prohibited." Mammaro, 814 F.3d at 169.  Accordingly, Defendant Shriver is entitled to qualified immunity on Muth's malicious prosecution claim, and his motion to dismiss count 1 of the amended complaint will be granted.

**B.     The Dauphin County Defendants' Motion for Judgment on the Pleadings**

**1.     Count 1**

Like Defendant Shriver, the Dauphin County Defendants argue that Defendant Woodring is entitled to qualified immunity as to count 1's malicious prosecution claim against him.  The Court agrees, for the reasons discussed above, that under the circumstances of this case, the right at issue was not so "clearly established" to put Defendant Woodring on notice that his conduct in connection with Muth's arrest was unlawful.  Accordingly, Defendant Woodring is entitled to qualified immunity on Muth's malicious prosecution claim, and his motion for judgment on the pleadings as to count 1 of the amended complaint will be granted.

**2.     Counts 2 and 3**

The Dauphin County Defendants argue that the Court's previous findings in its November 30, 2015 Memorandum and Order regarding Defendants Shriver and Harrisburg's motion to dismiss counts 2 and 3 apply with equal force to those counts as asserted against the Dauphin County Defendants, and that therefore, they are entitled to judgment on the pleadings as to those counts.  (Doc. No. 56 at 12-15.)

As to count 2 of the amended complaint asserting a claim for Section 1983 conspiracy against Defendant Woodring, the Dauphin County Defendants point to the Court's holding in its

9

November 30, 2015 Memorandum that Plaintiff's amended complaint fails to "allege sufficient factual matter from which a conspiratorial agreement can be inferred between State Farm and the Individual Defendants."  (Doc. No. 47 at 26.)  Defendant Woodring correctly notes that the Court in that Memorandum defined "Individual Defendants" to include Defendant Woodring. Accordingly, in light of the Court's November 30, 2015 Memorandum and Order, the Dauphin County Defendants' motion for judgment on the pleadings as to count 2 of the amended complaint will be granted.

Similarly, as to count 3's claim for municipal liability for failure to train pursuant to Monell asserted against Defendant Dauphin County, the Dauphin County Defendants point to the Court's earlier holding that the allegation of Plaintiff's amended complaint that "Defendant municipalities were on notice of a need for further training related to the issues discussed herein, but failed to provide the training, which resulted in Muth's constitutional rights being violated" was "entirely conclusory" and lacking in factual basis.  (Doc. No. 47 at 32.)  That holding (and its reference to "Defendant municipalities") applies equally to count 3's claim against Defendant Dauphin County, and therefore, in light of the Court's November 30, 2015 Memorandum and Order, the Dauphin County Defendants' motion for judgment on the pleadings as to count 3 of the amended complaint will be granted.

## IV. CONCLUSION

Accordingly, based upon the foregoing, the Court will grant Defendants Shriver and Harrisburg's motion to dismiss count 1 of Plaintiff's amended complaint, and will grant the Dauphin County Defendants' motion for judgment on the pleadings in its entirety. An appropriate Order follows.

 S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
